# EXHIBIT 1

DocuSign Envelope ID: 3764F7C5-1816-4F4A-BCB0-75358355589F

# **CONFIDENTIAL SETTLEMENT AGREEMENT**

THIS SETTLEMENT AGREEMENT ("Agreement") is entered into, effective the 27th day of July 2023, by and between TOBY BURRIS ("Burris") and CHARTER FOODS, INC., CHARTER CENTRAL, LLC, AND CHARTER FOODS NORTH, LLC (collectively, "Charter Entities").

WHEREAS, Burris was employed by Charter Central, LLC until March 13, 2019 when he separated from employment;

WHEREAS, Burris filed a Collective and Class Action Complaint against the Charter Entities seeking relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 35 P.S. § 333.101, *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. 260.1, *et seq.*, on behalf of himself and a putative collective and class for alleged unpaid straight time or overtime wages and alleged recordkeeping violations at Civil Action No. 2:20-cv-158 in the United States District Court for the Eastern District of Tennessee ("Lawsuit");

WHEREAS, the Charter Entities deny any violation of the FLSA, the PMWA, or the PWPCL, and any liability to Burris and/or any other person with respect to any or all of the claims set forth in the Lawsuit, and assert that Burris would make no recovery whatsoever from the Charter Entities with respect to any of those claims;

WHEREAS, Burris filed a Motion for Conditional Collective Action Certification seeking certification under § 216(b) of the FLSA of a collective action class of all individuals who are or have been employed by the Charter Entities as Team Members and/or Shift Leads under the supervision of Michael Brungo for a period of the three years immediately preceding the filing of the Complaint through the date a class was certified; Burris has not requested certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, on March 23, 2022, United States Magistrate Judge Cynthia Richardson Wyrick issued a Report and Recommendation recommending that Plaintiff's Motion for Conditional Collective Action Certification be denied, and, on April 27, 2022, United States District Judge Charles E. Atchley, Jr. issued an Order accepting and adopting Magistrate Judge Wyrick's Report and Recommendation and ordering that Plaintiff's Motion for Conditional Collective Action Certification be denied; and

WHEREAS, Burris and the Charter Entities have reached an agreement for a confidential settlement of his individual claims set forth in the Lawsuit for unpaid wages, unpaid overtime pay, liquidated damages and/or any other amounts of any nature, known and unknown, foreseen and unforeseen, by Burris against the Charter Entities and any of its subsidiary companies, affiliates, related entities and their respective shareholders, directors, officers, employees, agents, servants, attorneys, insurers, predecessors, successors and assigns which exist up to, and including, the effective date of this Agreement.

1

NOW THEREFORE, in consideration of the mutual promises set forth herein and intending to be legally bound hereby, Burris and the Charter Entities agree as follows:

1.    <u>Incorporation of Recitals</u>.  The above Recitals are hereby incorporated into this Agreement as if fully stated herein as an integral and substantive part of this Agreement.

2.    <u>Settlement Amount, Payment and Tax Obligations</u>.

a.    The Charter Entities agree to pay Burris the total gross amount of One Thousand Five Hundred and 00/100 ($1,500.00) in compromise, settlement, and full satisfaction of any and all claims or causes of action under the FLSA, the PMWA, and/or the PWPCL as set forth in the Lawsuit, which settlement amount shall be attributable to Burris as compensatory damages for tax purposes and for which the Charter Entities shall issue a Form 1099 - Box 3 (Other income) to Burris; and

b.    Burris hereby acknowledges that he shall be solely responsible for all federal, state and local tax obligations related to the settlement amount to be paid by the Charter Entities under Paragraph 2.a. above as he is required pursuant to any local, state, or federal tax law(s), rule(s), or regulation(s), excluding and exempting any responsibility or liability arising from the Charter Entities' treatment or classification for tax purposes, including payroll taxes, with regard to the payments described in Paragraph 2.a. above.

c.    Burris acknowledges and agrees that the Charter Entities have made no representations to him regarding the tax consequences of the settlement payments set forth in Paragraph 2.a. above, and that Burris has directed that the settlement amount be allocated as set forth in Paragraph 2.a. above, and agrees to indemnify and hold harmless the Charter Entities with respect to any and all liability to any federal, state and/or local taxing authorities regarding said settlement amount including all reasonable attorneys' fees and expenses that may be incurred by the Charter Entities in connection with any such liability to federal, state or local taxing authorities as a result of his failure to abide by any local, state, federal tax law(s), rule(s) or regulation(s), excluding and exempting any responsibility or liability arising from the Charter Entities' treatment or classification for tax purposes, including payroll taxes, with regard to the payments described in Paragraph 2.a. above.

3.    <u>No Assignment or Transfer of Claim</u>.

a.    Burris represents and affirms that prior to the effective date of this Agreement, he has not assigned or transferred, or purported or attempted to assign or transfer, to any person or entity any claim, or portion thereof or interest therein, for which the Charter Entities is making a settlement payment under Paragraph 2.a. above or any other claim that Burris may have against the Charter Entities prior to said effective date.

b.    Accordingly, Burris agrees to indemnify and hold harmless the Charter Entities with respect to any and all claims by, or liability to, any third parties, including all

reasonable attorneys' fees and expenses that may be incurred by the Charter Entities with respect to any such third-party claims.

4.    <u>No Admission of Liability</u>.  Burris recognizes that payment of the settlement amount set forth in Paragraph 2.a. above constitutes payment of disputed claims; that the Charter Entities deny any violation of the FLSA, the PMWA, or the PWPCL, and any other statute and/or common law with respect to Burris; and, that by making said payment, the Charter Entities do not admit any liability to Burris or anyone else with respect to any of the claims set forth in the Lawsuit. The payment of the above-referenced amount is in compromise and full accord and satisfaction of any and all claims by Burris, disputed or otherwise, and it is agreed that the payment is not an admission of liability, responsibility and/or compensability, but solely for the purpose of terminating all disputes and litigation between the parties. It is further understood that the Charter Entities are not acknowledging the occurrence of the conduct alleged by Burris and the terms of this Agreement shall not be used as evidence in any other proceedings.

5.    <u>Employee Affirmations</u>.  Burris represents and affirms that other than the Lawsuit, he has not filed any charges, complaints or lawsuits of any kind whatsoever against the Charter Entities with any federal, state or local governmental agency or any federal or state court other than those that have been or will be or dismissed or administratively closed. Burris agrees to discontinue the Lawsuit, with prejudice, and to promptly provide counsel for the Charter Entities with all documentation of such discontinuance following receipt by Burris of all payments outlined in Paragraph 2. Burris also represents and affirms that, other than the claims he has brought outlined and released in this Agreement, he has no knowledge, information and/or belief that the Charter Entities have engaged in any act or omission, intentionally, negligently or inadvertently, in connection with the Charter Entities' business which may be in violation of state or federal law or regulations and/or for which Burris or any other person could be an informant, relator or whistleblower.

6.    <u>Release of Claims</u>.

   a.    Burris hereby remises, releases, quit-claims and forever discharges the Charter Entities and their subsidiaries, affiliates, and other related entities and their respective shareholders, directors, officers, employees, agents, servants, attorneys, predecessors, successors and assigns of and from any and all claims for unpaid wages, unpaid overtime pay, liquidated damages, and/or any other amounts of any nature, known and unknown, foreseen and unforeseen, under the FLSA, the PMWA, the PWPCL and any other federal or state statutes, rules, regulations, executive orders or guidelines of any description, and/or under any federal or state common law, that arise out of or otherwise relate to Burris' employment with the Charter Entities including, but not limited to, Burris' claims in the Lawsuit ("Released Claims").

   b.    Burris covenants not to sue the Charter Entities and their subsidiaries, affiliates and other related entities, and their members, shareholders, directors, officers, employees, agents, servants, attorneys, predecessors, successors and assigns for any Released Claim.

3

      c.     Burris has not assigned or otherwise transferred any interest in any Released Claim. Burris shall not commence, join in, or in any manner seek relief through any suit arising out of, based upon, or relating to any Released Claim.

    7.    <u>Assistance to Others</u>. Burris understands that if this Agreement were not signed, he would have the right to voluntarily assist or encourage other individuals or entities in bringing claims against the Charter Entities. Burris hereby waives that right and agrees that he will not provide any assistance to any individuals or entities, or encouragement to any individuals, other than assistance as legally required in an investigation or proceeding conducted by a federal or state government agency. Burris and the Charter Entities further agree that Burris may provide information pursuant to a valid subpoena or court order.

    8.    <u>Waiver of Reinstatement or Reemployment</u>. Burris agrees that he will not apply for or otherwise seek employment, reinstatement or reemployment with the Charter Entities or any of its subsidiary companies, affiliates, other related entities, successors or assigns, either as an employee, a contractor or otherwise, and that the Charter Entities and its subsidiary companies, affiliates, other related entities, successors or assigns shall have no obligation to rehire Burris or consider Burris for employment, reinstatement or reemployment, either as an employee, a contractor or otherwise.

    9.    <u>Attorneys' Fees and Costs</u>. Burris and the Charter Entities agree to defer the recovery/payment of attorneys' fees and costs until such time, if any, that the attorneys' fees and costs are placed at issue in the matter captioned *Davis, et al. v. Charter Foods, Inc. et al.*, No. 2:20-cv-159 (E.D. TN). At such time, plaintiffs' counsel agree to cap the amount of attorneys' fees and costs sought to be recovered attributable to the *Burris* Lawsuit at no more than $25,000. By deferring and/or agreeing to the cap for potentially recoverable attorneys' fees and costs for the *Burris* Lawsuit, the Charter Entities do not admit or in any way concede that attorneys' fees and/or costs are recoverable/payable in any amount for the *Burris* Lawsuit. It will remain plaintiffs' burden to prove entitlement to recover attorneys' fees and costs in the first instance, and that any amount up to the $25,000 cap is reasonable. The Charter Entities reserve all rights to challenge the recovery of any attorneys' fees and/or costs attributable to the *Burris* Lawsuit based on all of the usual lodestar factors including reasonableness of hourly rate, reasonableness of time spent on tasks, and the result achieved. Further, if the Charter Entities prevail in the *Davis* litigation and no attorneys' fees or costs are awarded, the *Burris* attorneys' fees/costs claim will be extinguished as well.

    10.    <u>Waiver of Additional Attorney's Fees and Expenses</u>. Burris individually hereby waives any claim he may have or assert against the Charter Entities for any attorneys' fees and expenses arising out of the Lawsuit, Burris's employment with the Charter Entities, Burris's separation from employment, and any and all matters related thereto including, but not limited to, any claims under the FLSA, the PMWA, or the PWPCL.

    11.    <u>Confidentiality Agreement</u>.

      a.     Burris agrees that he will keep each and every aspect, term and provision of this Agreement completely confidential and that he will not disclose to any other person or

4

entity the fact that there has been a settlement of Burris' claims, the amount of the settlement payments, and/or any information whatsoever regarding the existence, substance, contents, provisions or terms of this Agreement except as follows: (1) to his spouse; (2) to his attorneys and their staff; (3) to his accountant or tax advisor on a "need to know" basis to discuss the tax effect of this Agreement and to prepare and file required tax returns; (4) to federal, state or local taxing authorities solely for the purpose of filing required tax returns; (5) to enforce the terms of this Agreement; (6) to respond to a court order, subpoena or other legal process; and/or (7) as otherwise required by law.

    b.  Burris agrees that the confidentiality provisions set forth in this Paragraph 11 constitute consideration for the Charter Entities' agreement to enter into this Agreement, are essential to this Agreement, and that any breach thereof shall constitute a material breach of this Agreement.

    c.  Notwithstanding the provisions of this Paragraph 11, this Agreement may be admitted into evidence in any court of competent jurisdiction as conclusive evidence of a complete bar to any further claims by Burris, his heirs, executors, administrators, successors and assigns, or by any other parties purporting to claim or act on Burris's behalf, against the Charter Entities and/or any of the releasees identified in Paragraph 6 above or as otherwise may be necessary by Burris or the Charter Entities to assert a breach of this Agreement.

    12. <u>Mutual Non-Disparagement</u>.  The parties hereby agree, subject to any obligations that they may have under applicable law, that they will not make, or cause to be made, any statements or take any actions that disparage or in any other way damage the reputation of the other or any of their owners, shareholders, directors, officers, partners, members, employees or staff.  A disparaging statement is any communication, oral or written, which would cause or tend to cause humiliation or embarrassment, or to cause a recipient to question the quality of services, business conditions, integrity, professional ability, confidence or good character of Burris or the Charter Entities and its affiliated entities, their successors, board of directors, officers, shareholders, members, employees, and agents.

    13. <u>Discontinuance of the Lawsuit</u>.  Burris and the Charter Entities agree to discontinue the Lawsuit, with prejudice.

    14. <u>Future Action for Breach of Settlement Agreement</u>.  Burris and the Charter Entities agree that should any party institute legal action as a result of a breach of any of the terms of this Agreement including, but not limited to, the payment and tax obligations in Paragraph 2 above the waiver of additional attorneys' fees and expenses provisions in Paragraph 10 above, and/or the confidentiality provisions in Paragraph 11 above, the prevailing party (plaintiff or defendant) shall be entitled to recover from the opposing party his/its reasonable attorneys' fees and expenses incurred with respect to the prosecution or defense of such legal action.

15.     No Waiver or Modification.

      a.      The failure of Burris or the Charter Entities to enforce any term or provision of this Agreement shall not constitute a waiver of his/its rights to later enforce the same term or provision originally not enforced or any other term or provision of this Agreement.

      b.      Likewise, the failure of Burris or the Charter Entities to enforce any specific term or provision of this Agreement shall not constitute a modification of this Agreement.

16.     Captions.  The captions used in this Agreement are for convenience only and shall not be construed as limiting, or otherwise affecting, the provisions of this Agreement.

17.     Binding Effect.  This Agreement shall inure to the benefit of, and shall be binding upon, the heirs, executors, administrators, successors and assigns of Burris and the Charter Entities.

18.     Severability.   Whenever possible, each provision of this Agreement shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Agreement is held to be invalid under applicable law, such provision shall be invalid only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement.

19.     Governing Law and Exclusive Jurisdiction for Disputes.

      a.      Governing Law.  This Agreement shall be governed by, and interpreted in accordance with, the laws of the Commonwealth of Pennsylvania to the exclusion of the laws of any other State and without reference to any conflicts of law principles that otherwise would require the application of the laws of another jurisdiction.

      b.      Jurisdiction and Venue for Disputes.  Burris and the Charter Entities agree that any lawsuits or other legal proceedings arising out of, or related to, this Agreement shall be filed and pursued only in the United States District Court for the Eastern District of Tennessee provided that such court has subject matter jurisdiction over the particular dispute; that they hereby submit to the personal jurisdiction of those courts; and that they hereby waive any objection to venue or to contend that their mutually agreed upon forum is inconvenient with respect to any lawsuit or other legal proceeding arising out of, or related to, this Agreement.

20.     Entire Agreement.   This Agreement constitutes the entire agreement and understanding between the parties with respect to its subject matter; supersedes all prior negotiations, understandings, contracts and agreements between the parties with respect thereto; and shall not be superseded, amended, modified or waived, except through a writing signed by the parties which expressly refers to this Agreement.

21.     Counterparts. This Agreement may be executed in any number of counterparts, each of which when so executed shall be deemed an original; such counterparts shall together

constitute but one agreement. A facsimile, scanned copy and/or photocopy has the same force and effect as the original.

22. <u>Certification of Review and Understanding</u>. Burris hereby certifies that he has read each and every provision of this Agreement; that he has reviewed this Agreement with his counsel; that he knows that he is waiving and releasing all claims as set forth in Paragraph 6 above; and that he fully understands and agrees to the effect of this Agreement.

7

DocuSign Envelope ID: 3764F7C5-1816-4F4A-BCB0-75358355589F

IN WITNESS WHEREOF, Toby Burris and Charter Foods, Inc., Charter Central, LLC, and Charter Foods North, LLC, by its duly authorized representatives, have executed this Settlement Agreement, effective as of the first date set forth above.

Dated: 7/25/2023 _____

Toby Burris


CHARTER FOODS, INC.
CHARTER CENTRAL, LLC
CHARTER FOODS NORTH, LLC

Dated: 7/27/2023 _____

By _____

Wayne Ferguson

1811308.3

8